# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50084 | **DATE** | 1/7/2002 |
| **CASE TITLE** | Filtertek, Inc. vs. Medex, Inc. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Defendant Alaris' motion to dismiss, transfer, or stay;
> Defendant Medex' motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)     ☐ General Rule 21     ☐ FRCP41(a)(1)     ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant Alaris' motion to dismiss, transfer, or stay is denied as moot, and defendant Medex' motion to dismiss is denied. The court also hereby orders a telephonic status conference with counsel for all parties on Thursday, Jan. 17, 2002; upon receiving this order, the parties are to advise the court what time, between 2:30 p.m. and 4:30 p.m. on Jan. 17, is the most convenient for them for such a conference. Counsel for plaintiff is to arrange the conference call.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| X | Notices mailed by judge's staff. | | **JAN - 8 2002** | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| /LC | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
02 JAN - 7 PM 4:04
FILED - WD

# MEMORANDUM OPINION AND ORDER

On December 5, 2000, Alaris Medical Systems, Inc. ("Alaris") filed a two-count complaint against Filtertek, Inc. ("Filtertek") in the United States District Court for the Southern District of California, alleging Filtertek is infringing United States Patent No. RE 35,841 ("the '841 patent") and seeking a declaratory judgment that it is not infringing United States Patent No. 5,360,413 ("the '413 patent"). Alaris subsequently amended its complaint to drop the claim directed to Alaris' allegation that Filtertek is infringing the '841 patent. On March 9, 2001, Filtertek filed a five-count complaint against Medex, Inc. ("Medex"), Alaris Medical Inc. and Alaris Medical Systems Inc. (collectively referred to as "Alaris") in this court, alleging defendants are infringing its '413 patent and seeking a declaration that it is not infringing the '841 patent.

In the California lawsuit, Filtertek moved to dismiss or transfer venue to this court. Likewise, in this case, Alaris has moved to dismiss, stay or transfer venue from this court to the California district court. Medex has joined Alaris' motion to dismiss and asserts an additional ground for dismissal. Specifically, Medex argues this court lacks subject matter jurisdiction over Filtertek's claims for declaratory relief asserted against Medex because no "actual controversy" exists between these two parties. On December 20, 2001, the United States District Court for the Southern District of California granted Filtertek's motion, transferring its case to this court. Thus, Alaris' motion to dismiss, transfer or stay is denied as moot.

The court also denies Medex's motion to dismiss. Medex argues no "actual controversy" exists between it and Filtertek within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201, because Medex has stated to Filtertek that it would not and could not sue Filtertek due to a licensing agreement between Medex and Alaris. (Medex Mem., p.1) Medex is correct in that, for an actual controversy to exist, the plaintiff must have an objectively reasonable apprehension that the patentee will initiate suit if the activity in question continues. See EMC Corp. v. Norand Corp., 89 F.3d 807, 811 (Fed. Cir. 1996), cert. denied, 519 U.S. 1101 (1997). Despite Medex's assurances that it will not sue Filtertek, the court finds questions of fact exist as to Medex's role. For example, despite Medex's assertion that it cannot sue Filtertek, it has not produced the licensing agreement between Alaris and Medex. Also, Filtertek has produced evidence showing Medex has previously joined with Alaris in asserting the '841 patent in litigation against another competitor. (Pl. Opp., p. 13; Pl. Exh. U) Medex is the true owner of the '841 patent and arguably still has the right to enforce the '841 patent. These facts emphasize the differences between this case and the case Medex cites, McCook Metals LLC v. Alcoa Inc., No. 00 C 6782, 2001 U.S. Dist. Lexis 3104 (N.D. Ill. Mar. 13, 2001), where the defendants were statutorily barred from suing the plaintiff. The court is unpersuaded by Medex's argument that it will now be forced to independently analyze whether Filtertek is infringing the '841 patent. Now is the time to lay to rest all claims involving the '413 and '841 patents between these parties. Medex's remaining arguments are moot.

For the reasons stated above, Alaris' motion to dismiss, transfer or stay is denied as moot, and Medex's motion to dismiss is denied.