# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 50084 | DATE | 9/23/2002 |
| CASE TITLE | | FILTERTEK vs. MEDEX | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, the court adopts the special master's findings of fact and conclusions of law construing claim 23 of U.S. Patent 5,360,413.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| ✓ | No notices required. | number of notices | Document Number |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 23 2002 | 101 |
| | Docketing to mail notices. | date docketed | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 9-23-02 | |
| LC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Filtertek Incorporated, filed this patent infringement and declaratory judgment action against defendants, Medex, Incorporated, Alaris Medical Incorporated, and Alaris Medical Systems Incorporated. Plaintiff alleges infringement by defendants of claim 23 of U.S. Patent 5,360,413 ("the '413 patent"), entitled "Needleless Access Device" issued November 1, 1994 on an application filed May 19, 1993, in the names of Michael H. Leason, Rick R. Ruschke and Ralph L. Davis and assigned to plaintiff. Jurisdiction is proper under 28 U.S.C. §§1338(a) and 2201. On May 28, 2002, the court referred the matter to a special master for the construction of claim 23 pursuant to Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996). See Fed. R. Civ. P. 53. The special master's findings of fact and conclusions of law were filed with the court on August 2, 2002. Plaintiff urges their adoption and defendants object in part and seek an alternate construction.

The construction of phrases (a) and (c) of claim 23 were initially disputed. The parties have agreed to adopt the special masters construction of phrase (c). Only phrase (a) remains in dispute. Phrase (a) is as follows: "a housing having an inlet opening, an outlet opening, and a channel therethrough." Defendants seek a construction which adds to phrase (a) the following language: "the channel communicating the inlet opening with the outlet opening." Defendants contend this construction is necessary because claim 23 must be construed as calling for a device that protects the patient. (Def. Resp. Markman brief p. 8) They argue the term "channel" "can only be interpreted to mean a channel which communicates the inlet opening of the device with the outlet opening leading to the patient." (Id.) The special master rejected defendants proposed construction.

A special master's finding of fact are accepted unless clearly erroneous but conclusions of law are reviewed de novo. See Cook v. Niedert, 142 F.3d 1004, 1010 (7th Cir. 1998); Fed. R. Civ. P. 53 (e) (2). There is a heavy presumption that claim terms carry their ordinary and customary meaning. CCS Fitness, Inc. v. Brunswick Corp., 288 F.3d 1359, 1366 (Fed. Cir. 2002). In construing claims, the court "looks to the language of the claims, the specification, and the prosecution history." Pall Corp. v. Micron Separations, Inc., 66 F.3d 1211, 1216 (Fed. Cir. 1995), cert. denied, 520 U.S. 1115 (1997). The court concurs with the special master in concluding that "channel" need not be subject to the narrow construction advanced by defendants.

Accordingly, the court adopts the special master's finding of facts and conclusions of law in construing claim 23. Phrase (a) is not altered. Phrase (c) is construed as follows: " a wiper seal, dimensioned so that it insures (i) sealing against bacterial contamination to maintain sterility and (ii) wiping so as to leave the wiped area in a clean state, formed on a top section of said piston for wiping the surface of the channel surrounding the piston during actuation and release of the piston."